Although the disciplinary hearing under review was not “completed within 14 days following the writing of the misbehavior report” (7 NYCRR 251-5.1 [b]), the record supports the conclusion that any delay in this regard had appropriately been “authorized by the commissioner or his designee” (7 NYCRR 251-5.1 [b]). In any event, the provisions of this rule are directory rather than mandatory (see e.g. Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [2011]; Matter of Rodriguez v Fischer, 76 AD3d 1131, 1132 [2010]; Matter of Rosario v Selsky, 37 AD3d 921, 921-922 [2007]). Therefore, in the absence of any showing of prejudice as a result of the delay, the petitioner is not entitled to vacatur of the determination on this procedural ground (see e.g. Matter of Edwards v Fischer, 87 AD3d at 1329; Matter of Sanders v Goord, 47 AD3d 987, 988 [2008]; Matter of Crosby v Selsky, 26 AD3d 571, 572 [2006]; but see Matter of Hicks v Scully, 159 AD2d 624 [1990]).
*769 The petitioner’s remaining contentions are either without merit or not properly before this Court (see generally Matter of Reed v Artus, 39 AD3d 1056 [2007]). Mastro, J.P., Lott, Austin and Roman, JJ., concur.